**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-20732-CR-MORENO**

**UNITED STATES OF AMERICA**

       **Plaintiff,**

**vs.**

**ALEJANDRO PUIG,**

       **Defendant.**

_____/

**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

COMES NOW the Defendant, ALEJANDRO PUIG (hereinafter "Mr. Puig", by and through undersigned counsel and hereby files this Motion for early termination of supervised release, and moves this Court to enter an Order granting the instant motion, and in support thereof states as follows:

**INTRODUCTION**

1. Mr. Puig seeks early termination of his 5 years of supervised release. As of today's date, Mr. Puig has completed half (2½ years) of his 5-year term without incident.

2. According to the United States Sentencing Commission's Amendment 756 to the Commentary to U.S.S.G. § 5D1.2, the courts are now encouraged to exercise their authority to terminate supervised release at any time after the expiration of one year of supervised release. *See* November 1, 2011 (Appendix C, Amendment 756).

**BACKGROUND**

3. On December 03, 2013, Mr. Puig was sentenced to five (5) years as to Count 1 and a consecutive term of five (5) years as to Count five, for a total of 10 years of imprisonment, followed by 5 years of supervised release.

1

4. On June 01, 2020, Mr. Puig was released from prison and placed on home confinement due to the COVID-19 pandemic.

5. On July 07, 2022, Mr. Puig successfully completed his term of home confinement and began his five (5) year term of supervised release.

6. Since his release from prison, Mr. Puig has turned his life around. He has been gainfully employed full-time since June 2020 working at Sunshine Towing as a heavy-duty tow truck operator.

## **MEMORANDUM OF LAW**

Pursuant to 18 U.S.C. § 3583 (e), this court has the discretion to terminate Mr. Puig's term of supervised release and discharge him. The Eleventh Circuit explained:

> Congress, except where it has required imposition of a term of supervised release by statute, has given district courts discretion to decide who needs supervised release and who does not. 18 U.S.C. § 3583 (a); *see also Johnson v. United States*, 529 U.S. 694, 709, 120 S.Ct. 1795, 1805, 146 L.Ed.2d 727 (2000). Accordingly, we review cases involving modification of supervised release under 18 U.S.C. § 3583 (e) for abuse of discretion. *See United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (*per curiam*) (reviewing revocation of supervised release for abuse of discretion).

> Under 18 U.S.C. § 3583 (e)(1), after considering the factors set forth in 18 U.S.C. § 3553 (a), a court may terminate a term of supervised release in which the defendant has already served at least one year. Before terminating supervised release, the court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583 (e)(1). Supervised release was designed to "improve the odds of a successful transition from the prison to liberty." *Johnson*, 529 U.S. at 708-09, 120 S.Ct. At 1805 (2000). The goal is, in part, to facilitate training and rehabilitation, including restitution. *Id*. at 709, 120 S.Ct. at 1805. The statute's requirement that courts examine 18 U.S.C. §§ 3553 (a)(1), (a)(2)(B)-(D), and (a)(4)-(7) before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendants committing the same types of crimes are all also considerations related to supervised release. *See* 18 U.S.C. §§ 3553 (a), 3583 (e)(1).

*United States v. Reagan*, 162 Fed. Appx. 912, 2006 WL 93242 (11th Cir. 2006) (footnote omitted).

The plain language of the statute illustrates that 18 U.S.C. § 3583(e) allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year of supervised release. *United States v. Suber*, 75 Fed. Appx. 442, 443-444 (6th Cir. 2003). Furthermore, the phrase "in the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior. *Id*.

### U.S.S.G. § 5D1.2 Appendix C, Amendment 756

The United States Sentencing Commission amended the commentary to § 5D1.2 captioned "Application Notes" to encourage the Courts to exercise their authority to terminate supervised release at any time after the expiration of one year of supervised release. See November 1, 2011 (Appendix C, amendment 756). The reason for the Amendment was based upon an empirical study, see the Sentencing Commission's July 2010 report titled, "Federal Offenders Sentence to Supervised Release," which revealed "that the majority of defendants who violate a condition of supervised release do so during the first year of the term of supervised release."  *See* "Federal Offenders Sentence to Supervised Release" at 63 & n.265.

Based on Mr. Puig's post-offense conduct, his likelihood of recidivism is extremely low. Accordingly, further supervised release is not required to protect the public from future crimes or deter Mr. Puig of the same.

### CONCLUSION

As set forth herein, Mr. Puig has shown that in his case, the purpose of supervised release has been achieved; and that he is worthy of consideration for early termination of supervised release.  It is clear, therefore, that the public no longer needs protection from Mr. Puig, and he should be allowed to go in peace and continue his life free of further supervision. See § 5D1.2,

3

Commentary, Application Notes (5)("The court is encouraged to exercise this authority in appropriate cases.").

Pursuant to S.D. Fla. L.R. 88.9 A, undersigned counsel contacted Mr. Puig's U.S. Probation Officer De Leon Hollinger who advised that Mr. Puig has been 100% compliant in his conditions of supervised release; reports regularly, has maintained steady employment, a stable home life and has not had any positive drug results. Robert Brady, the Assistant U.S. Attorney who prosecuted this case, is now retired. Undersigned counsel spoke to Assistant U.S. Attorney Robb Emery who advised that the government will review the case and file a response to the Motion accordingly.

WHEREFORE, the defendant, ALEJANDRO PUIG, respectfully requests that this Honorable Court enter its Order granting the early termination of his supervised release.

          Respectfully submitted,

          Law Offices of Oscar Arroyave, P.A.
          Attorney for Alejandro Puig
          2600 S. Douglas Road, Suite 1004
          Coral Gables, FL 33134
          Phone: (305)444-0022
          Email: arroyavelaw@gmail.com

          BY: *s/ Oscar Arroyave*
            OSCAR ARROYAVE, ESQ.
            Florida Bar No.: 0298859

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of January 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

BY:    s/ *Oscar Arroyave*  
OSCAR ARROYAVE, ESQ
